UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | 2:19-CR-000037-DCLC-CRW |
| v. | ) ) | |
| WINSTON DELL VONGLIS, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 169]. Pursuant to Standing Order 24-05, Federal Defender Services of Eastern Tennessee has filed a notice that it does not intend to file a supplemental motion at this time [Doc. 170].

**I.    BACKGROUND**

On September 10, 2019, Defendant pleaded guilty to one count of conspiracy to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and (b)(1)(A) and one count of possession of a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c) [Docs. 60, 67]. Based on a total offense level of 29 and a criminal history category of I, Defendant's guideline range was 87 to 108 months [Doc. 100, ¶ 70]. However, due to the statutory minimums for the offenses and the requirement of a consecutive term of imprisonment for the firearm offense, Defendant's applicable guideline range was 180 months [*Id.* at ¶¶ 68–70]. *See* U.S.S.G. § 5G1.2(b). Upon motion of the Government, the Court departed downward and sentenced Defendant to 121 months [Doc. 113, pg. 2]. Defendant is currently

1

housed at FCI Milan with a projected release date of February 28, 2028. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited September 12, 2024). He now seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Guideline Amendment 821 [Doc. 169].

## II.  ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821 took effect on November 1, 2023 and, in relevant part, altered the application of the guidelines with respect to offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Specifically, Part B of Amendment 821 created U.S.S.G. § 4C1.1, which provides a two-level reduction of the offense level for zero-point offenders who meet certain criteria. *See* U.S.S.G. § 4C1.1(a). At the time of sentencing, Defendant was a zero-point offender. However, because he possessed a firearm in connection with the offenses, he is ineligible for a sentence reduction under Part B of Amendment 821. *See* U.S.S.G. § 4C1.1(a)(7).

## III.  CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 169] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker  
United States District Judge